PROB 12C
(6/16)

Report Date: April 19, 2022

# United States District Court

### for the

### Eastern District of Washington

### Petition for Warrant or Summons for Offender Under Supervision

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Apr 19, 2022

SEAN F. McAVOY, CLERK

| | |
|---|---|
| Name of Offender: Lucas Dahn Byrne | Case Number: 0980 4:22CR06010-SAB-1 |
| Address of Offende ▊▊▊▊▊▊▊▊▊▊ Richland, Washington 99352 | |

Name of Sentencing Judicial Officer: The Honorable Anna J. Brown, Senior U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Stanley A. Bastian, Chief U.S. District Judge

Date of Original Sentence: July 17, 2018

| | | |
|---|---|---|
| Original Offense: | Possession With Intent to Distribute 500 Grams or More of Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(A)(viii) | |
| Original Sentence: | Prison - 57 months; TSR - 60 months | Type of Supervision: Supervised Release |
| Asst. U.S. Attorney: | Caitlin A. Baunsgard | Date Supervision Commenced: April 13, 2021 |
| Defense Attorney: | To be Assigned | Date Supervision Expires: April 12, 2026 |

### PETITIONING THE COURT

To issue a warrant and to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court on 4/7/2022.

On April 13, 2021, Lucas Dahn Byrne released from the Bureau of Prisons and commenced his term of supervised release. On this same date, Mr. Byrne reported to the probation office and all his conditions of supervised release were reviewed with him. He verbally acknowledged an understanding of his requirements, signed his conditions, and was provided a copy.

Mr. Byrne was originally sentenced in U.S. District Court in the District of Oregon. A transfer of jurisdiction was completed on March 3, 2022.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 5 | **Mandatory Condition # 3**: You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. |
| | **Supporting Evidence**: Lucas Byrne is considered to be in violation of his term of supervised by using methamphetamine on or about April 6, 2022. |

Prob12C
Re: Byrne, Lucas Dahn
April 19, 2022
Page 2

        On April 6, 2022, Mr. Byrne completed a drug test at the probation office. This drug test was presumptive positive for methamphetamine. Mr. Byrne denied use of methamphetamine and the drug test was sent to Abbott Laboratory for confirmation. The probation office received the drug test report on April 11, 2022, confirming the positive result for methamphetamine and amphetamine.

6      **Special Condition # 3**: You must participate in a substance abuse treatment or alcohol abuse treatment program, which may include inpatient treatment, and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location modality, duration, intensity, etc.). The program may include urinalysis testing to determine if you have used drugs or alcohol. You must not attempt tamper with the testing methods.

        **Supporting Evidence**: Lucas Byrne is considered to be in violation of his term of supervised release by failing to participate in a substance abuse treatment on or about April 12, 2022.

        Mr. Byrne was previously referred to Merit Resource Services (Merit) to complete a substance abuse evaluation by March 1, 2022. Mr. Byrne completed the initial assessment on March 1, 2022, at Merit. Mr. Byrne was required to attend a follow-up appointment to complete the assessment, which he failed to attend on March 18, 2022. A second appointment was scheduled for March 25, 2022, which Mr. Byrne also failed to attend and had not made contact with Merit to reschedule.

        On April 6, 2022, while Mr. Byrne was at the probation office meeting with Supervisory U.S. Probation Officer Janie Coronado, she scheduled a third appointment on Mr. Byrne's behalf for April 12, 2022, at 4 p.m.; and he was provided with this appointment in writing. Before leaving the probation office, Officer Coronado had Mr. Byrne verbally state his upcoming appointments. He stated he would report to Merit on April 12, 2022, at 4 p.m., and then contact the undersigned officer the following day. Merit staff reported to the undersigned officer Mr. Byrne failed to attend the treatment appointment on April 12, 2022, is not enrolled in services, and has not made any effort to contact Merit.

7      **Standard Condition # 2**: After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

        **Supporting Evidence**: Lucas Byrne is considered to be in violation of his term of supervised release by failing to report to the probation officer as instructed on or about April 13 and 15, 2022.

        On April 6, 2022, Supervisory U.S. Probation Officer Janie Coronado instructed Mr. Byrne to report to the undersigned officer by telephone on April 13, 2022. Mr. Byrne failed to report by telephone to the undersigned officer on April 13, 2022.

        On April 14, 2022, the undersigned officer called Mr. Byrne, he did not answer, and the undersigned officer was not able to leave a voice message as his voice mail is not set up. The undersigned officer then sent Mr. Byrne a text message to report by telephone by 10 a.m. on that same date, as he had already failed to report by telephone as previously instructed the day before. Mr. Byrne did not make contact with the undersigned officer as instructed on

that same date by 10 a.m. The undersigned officer later called Mr. Byrne and he initially did not answer, but called this officer back within a few minutes. At that time, Mr. Byrne reported he had been busy at work and had not seen the undersigned officer's missed call or text message. The undersigned officer instructed Mr. Byrne to report to the probation office on April 15, 2022 at 2 p.m. Mr. Byrne verbalized understanding the reporting instructions. The undersigned officer asked Mr. Byrne if he had to write down these reporting instructions so he would not forget and Mr. Byrne responded "yes," and confirmed he had something to write it down on.

On April 15, 2022, Mr. Byrne did not report to the probation office by 2 p.m. as instructed. Mr. Byrne sent the undersigned officer a text message around 2:30 p.m. stating he was stranded at a gas station, his bike key was broken, but that he was trying to get to the probation office. Mr. Byrne did not report to the probation office later that same date and did not contact the undersigned officer. To date, Mr. Byrne has not reported to the probation office and has not made contact with the undersigned officer.

8      **Special Condition # 4**: You must submit to substance abuse testing to determine if you have used a prohibited substance. Such testing may include up to (12) urinalysis tests per month. You must not attempt to obstruct or tamper with the testing methods.

**Supporting Evidence**: Lucas Byrne is considered to be in violation of his term of supervised release by failing to report for drug testing as required on April 18, 2022.

On February 4, 2022, Mr. Byrne was referred to Merit for random drug testing. He was instructed to call the color line Monday through Friday and to report to Merit when the color gold was called.

On April 19, 2022, Merit reported Mr. Byrne failed to report for drug testing when his assigned color was called on April 18, 2022. Mr. Byrne did not contact the undersigned officer to advise of the missed drug test.

The U.S. Probation Office respectfully recommends the Court to incorporate the violation(s) contained in this petition in future proceedings with the violation(s) previously reported to the Court, and that the Court issue a warrant.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:  April 19, 2022

s/Elizabeth Lee

Elizabeth Lee
U.S. Probation Officer

Prob12C
Re: Byrne, Lucas Dahn
April 19, 2022
Page 4

THE COURT ORDERS

- [ ] No Action
- [X] The Issuance of a Warrant
- [ ] The Issuance of a Summons
- [X] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
- [ ] Defendant to appear before the Judge assigned to the case.
- [X] Defendant to appear before the Magistrate Judge.
- [ ] Other

_____
Signature of Judicial Officer

4/19/2022
Date